IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| | : | |
| GLENDINE MADDOX | : | CASE NO. 24-50516-MJK |
| | : | |
| Debtor | : | |
| __ __ __ __ __ __ __ __ __ __ __ | : | |
| SERVBANK, N.A. | : | |
| | : | |
| Movant | : | |
| | : | __ __ __ __ __ __ __ __ __ __ __ |
| v. | : | |
| | : | CONTESTED MATTER |
| GLENDINE MADDOX, Debtor; | : | |
| and M. ELAINA MASSEY, Trustee, | : | |
| | : | |
| Respondents | : | |
| | : | |
| | : | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COMES Servbank, N.A. (the "Movant") and moves this Court for relief from the automatic stay and shows the Court as follows:

1.

On November 14, 2024, Glendine Maddox ("Debtor") filed a Voluntary Petition pursuant to 11 U.S.C. Chapter 13.

2.

Movant has a claim in this case secured by a first priority lien against Debtor's real property, to wit: 5938 State Route 7 S, Gallipolis, Ohio 45631 (the "Collateral") As of 10/3/2025 the approximate payoff is $121,998.45. The unpaid principal balance as of 10/3/25 is $116,145.73. Payments are currently $891.42 ($605.33 P&I and $286.09 escrow) and due on the 1st of each month. As of 10/3/2025 the account is past due for the months of February 2025, through October 2025 in the amount of $8,498.15. ($8,022.78 in missed payments, $723

Fees & Costs, 20$ NSF fee, minus a $305.06 suspense balance) Attorney fees and costs for filing this motion to lift stay are $649 ($450 attorneys fees, $199 filing fee). The total amount to reinstate including attorney fees and costs is $9,147.15 as of 10/3/2025.

3.

The proof of claim filed claim number 6-1 includes the supporting documents.

4.

It appears that there are no junior lienholders with an interest in the Collateral as indicated in the Debtor's schedules.

5.

The Collateral is depreciating through use and over time and the Debtor is not adequately protecting Movant's interest in the Collateral.

6.

There may be equity in the collateral depending on the condition of the collateral and market conditions.

7.

Cause exists including the lack of adequate protection to grant Movant relief from the automatic stay so as to authorize Movant to dispose of the Collateral.

WHEREFORE, Movant prays that this Court:

(a) Hold a hearing pursuant to this Motion within thirty (30) days as is required under 11 U.S.C. Section 362(e);

(b) Grant Movant relief from the automatic stay under 11 U.S.C. Section 362(d) so as to allow Movant to foreclose its interest in the Collateral under the terms of its loan documents and nonbankruptcy law; apply the net proceeds of sale to its claim in this case; secure possession thereof; pursue any legal action required to preserve Movant's right to pursue a deficiency balance not subject to discharge; and contact Debtor via telephone or written correspondence regarding potential loss mitigation options pursuant to applicable nonbankruptcy law, including loan modifications, deeds in lieu of foreclosure, short sales

and/or other potential workouts or loss mitigation agreements;

(c) Rule 4001(a)(4) be waived and Rule 3002.1 be waived; and

(d) Grant such other and further relief as the Court deems to be just and proper.

This October 31, 2025.

                The Law Office of
                LEFKOFF, RUBIN, GLEASON, RUSSO & SMITH, P.C.
                Attorneys for Movant


                By:  /s/ Philip L. Rubin
                   Philip L. Rubin
                      Georgia State Bar No. 618525

5555 Glenridge Connector
Suite 900
Atlanta, Georgia  30342
(404) 869-6900
prubin@lrglaw.com