UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS

---------------------------------------------------------- x
In re:                                                     :
                                                           :      Chapter 7
GLENDINE MADDOX,                                           :
                                                           :      Case No.: 24-50516-MJK
                                      Debtor.              :
                                                           :
---------------------------------------------------------- x

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

Now comes United Bank, by and through counsel, and moves this court for an Order granting it relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Bankruptcy Rules of Procedure. In support of its Motion for Relief from the Automatic Stay (the "Motion"), United Bank shows unto the court as follows:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Southern District of Georgia.

2. On or about January 8, 2022, United Bank extended a loan to the Debtor and John Maddox to finance the purchase of a 2022 Kia Telluride, VIN No. 5XYP6DHC0NG250228 (the "Vehicle").

3. In conjunction with this loan, the Debtor executed a Retail Installment Sale Contract in favor of Dutch Miller Kia ("Dutch Miller"), Contract No. ******6876-*0001 in the principal amount of $43,617.24 (the "Contract"). A true and accurate copy of the Contract is attached hereto as **Exhibit A**.

4. By its terms, Dutch Miller assigned the Contract to United Bank.

5. United Bank perfected its lien and security interest in the Vehicle by notation on the Certificate of Title, title no 27 0062 8380 (the "Certificate of Title"). A true and accurate copy of the Certificate of Title is attached hereto as **Exhibit B**.

6. On November 14, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 to commence the above-referenced case (the "Chapter 13 Case").

7. On January 9, 2025, United Bank filed a proof of claim representing the indebtedness owed under the Contract ("Claim 9").

8. On June 10, 2025, this Court entered an Order confirming Debtor's Amended Chapter 13 Plan (the "Plan"). ECF No. 56.

9. The Plan provides that Debtor would make monthly payments on Claim 9 to United Bank in the amount of $647.00 beginning December 2024, to be disbursed by the Debtor directly. ECF No. 15.

10. The Debtor has not made a payment to United Bank under the Plan since June of 2025.

11. United Bank seeks relief from the automatic stay in order to exercise its rights and remedies under the Contract.

## BASIS FOR RELIEF

12. As a result of the Debtor's default under the Contract and the Plan, United Bank is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause because Debtor has failed to provide adequate protection of United Bank's interest, there is substantial risk of continuing loss to or diminution of the Vehicle, and the Vehicle is not necessary for the Debtor's successful reorganization.

13. Upon information and belief, a family member of the Debtor is utilizing the Vehicle, not the Debtor.

14. Cause exists for relief from the automatic stay under 11 U.S.C. § 362(d)(2) because there is no equity in the Vehicle and the Vehicle is not necessary to an effective reorganization.

15. If United Bank is not granted relief from stay and permitted to take possession of the Vehicle, then United Bank will suffer irreparable injury, loss, and damage by virtue of the decreasing value of the Vehicle and the estate.

16. Because the Vehicle must be maintained and sold promptly to maximize its value, sufficient cause exists to waive the requirements of Rule 4001 such that the order granting relief from the automatic stay will be effective upon entry by the Court.

WHEREFORE, United Bank prays for the Court to grant the following relief:

1. To enter an Order modifying the automatic stay imposed by 11 U.S.C. § 362(a) to allow United Bank to exercise its rights and remedies under the Contract and in accordance with applicable state law;

2. To award United Bank reimbursement of its attorney's fees and costs to be added to the balance of its claim; and

3. To grant such other and further relief as the court deems just and appropriate.

Dated: November 13, 2025                WOMBLE BOND DICKINSON (US), LLP

/s/ Arthur A. Ebbs
Arthur A. Ebbs
State Bar No. 416181
1331 Spring Street NW
Suite 1400
Atlanta, Georgia 30309
Telephone:    (404) 872-7000
Email: arthur.ebbs@wbd-us.com

## **CERTIFICATE OF SERVICE**

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing Motion for Relief from Automatic Stay on:

>Glendine Maddox
>2306 Eastover Drive
>Waycross, GA 31501
>*Debtor*

by depositing the same in the United States mail, first class, postage prepaid.

That on this day, the foregoing Motion for Relief from Automatic Stay was served by electronic means through the Court's CM/ECF service on:

>John T. Bolden
>*Attorney for Debtor*
>
>M. Elaina Massey
>*Trustee*

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  November 13, 2025                    WOMBLE BOND DICKINSON (US), LLP

*/s/ Arthur A. Ebbs*
Arthur A. Ebbs
State Bar No. 416181
1331 Spring Street NW
Suite 1400
Atlanta, Georgia 30309
Telephone:    (404) 872-7000
Email: arthur.ebbs@wbd-us.com